
RECEIVED
OCT 12 2011
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CHARLOTTE SINCLAIR, et al. | CIVIL ACTION NO.09-00096 |
| -vs- | JUDGE DRELL |
| ALLEN PARISH SCHOOL BOARD, et al. | MAGISTRATE JUDGE KIRK |

## RULING

Before the Court is a "Motion for Summary Judgment" filed by all Defendants in the above captioned matter. (Doc.32). For the following reasons, the motion will be **GRANTED IN PART** and **DENIED IN PART**.

I. **Procedural Background**

On January 21, 2009, Mrs. Charlotte Sinclair and Mr. Wendel Sinclair, individually and on behalf of their minor son, LPS Sinclair filed suit against (1) Allen Parish School Board ("School Board"); (2) Michael K. Doucet, in his capacity as Superintendent of the School Board; (3) Bobby Odom, in his capacity as President of the School Board; (4) Diane Mercantel, in her capacity as Personnel Supervisor of the School Board; and (5) Nancy Willis, in her capacity as Principal of Oakdale High School. (Doc. 1).

In their lengthy complaint, Plaintiffs essentially allege that Mrs. Sinclair was hired by the School Board and was certified to teach the subjects of business and science. Mrs. Sinclair was assigned to teach business and science at Oakdale High

School in August 2001. Between 2002 and 2007, she transitioned to teaching only business classes at Oakdale High. She took a professional sabbatical for the 2007-08 school year, and while she was on sabbatical, Kimberly Esprit, a certified business teacher was hired to teach Sinclair's business classes. At the beginning of the 2008-09 school year, Mrs. Sinclair was assigned to teach science at Oakdale High because the School Board needed a teacher certified in that subject. Ms. Esprit was only certified in business, and Mrs. Sinclair had the required certifications to teach the science classes. Mrs. Sinclair filed a writ of mandamus in State court to compel the School Board to return her to teaching business. As a result, the School Board and Mrs. Sinclair entered into a consent judgment whereby she agreed to dismiss her mandamus action and the School Board agreed to return her to teach business at Oakdale High.

From August 7 to August 13 of 2008, Mrs. Sinclair was in a business teaching position but complains she did not have the required materials to teach effectively. On August 13, 2008, Mrs. Sinclair was reassigned to teach science at Oakdale High. She took sick leave from August 14, 2008 to March 16, 2009, blaming same on her being mentally distraught at having to teach science. She was then placed on leave without pay by the School Board once she exhausted her sick leave. As of November 2009, Mrs. Sinclair was still an employee of the School Board, but on leave without pay.

Based on these asserted facts, Mrs. Sinclair now alleges Defendants violated the following: (1) the Fourth, Sixth, and Fourteenth Amendments of the United States

2

Constitution; (2) 42 U.S.C. § 1983 ("§ 1983"); (3) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and 42 U.S.C. § 1981 ("§ 1981) for discrimination, hostile work environment, retaliation, and constructive discharge based on her race as an American Indian; and (4) Louisiana state law claims for (a) contempt of court, (b) intentional infliction of emotional distress, (c) fraudulent inducement, (d) breach of contract, and (e) abuse of right. Mr. Sinclair and his son have made claims for loss of consortium.

Defendants filed the present motion for summary judgment seeking to dismiss all of Plaintiffs' claims. (Doc. 32). Plaintiffs filed an opposition (Doc. 38) to which Defendants replied. (Doc. 43). In their opposition, Plaintiffs addressed only Mrs. Sinclair's claim pursuant to 42 U.S.C. § 1983 for Defedants' alleged violation of procedural due process guaranteed by the Fourteenth Amendment of the United States Constitution. We have considered the evidence and pleadings and the disposition of the motion is now appropriate.

II. **Law and Analysis**

    A. Standard for Motion for Summary Judgment

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although Rule 56 was amended effective December 1, 2010, "the amended rule contains no substantive change to the standard." Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 675, 680, n.8 (5th Cir. 2011). An issue as to a material fact is genuine if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We consider all "evidence in the light most favorable to the party resisting the motion." Trevino v. Celanese Corp., 701 F.2d 397, 407 (5th Cir. 1983). It is important to note that the standard for a summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, *and* (2) the movant is entitled to judgment as a matter of law.

    B.    **Claims under the Fourth and Sixth Amendments of the United States Constitution**

Plaintiffs' complaint (Doc. 1) and opposition to the present motion (Doc. 38) are void of evidence or explanation as to Defendants' alleged violation of the Fourth (search and seizure) or the Sixth (right to counsel, self-incrimination, etc.) Amendments of the Federal Constitution. During discovery, Plaintiffs admitted in their answers to interrogatories that such claims were "typographical errors." (Doc. 29-2). Nonetheless, they are plead and must be addressed. Defendants' motion for summary judgment will be GRANTED as to the Fourth and Sixth Amendment claims.

    C.    **Title VII and § 1981 Claims**

In the complaint, Plaintiffs seek relief for "discrimination, giving rise to a hostile work environment, retaliation, and constructive discharge" based on Defendants' alleged violation of Title VII and 42 U.S.C. § 1981. (Doc. 1). By Mrs. Sinclair's own admission in her deposition, the School Board's actions in reassigning her to teach science were not based on her race as an American Indian. (Doc. 29-1, p. 39). Plaintiffs' complaint and opposition fail to present any factual or legal argument that their Title VII or § 1981 claims can survive a motion for summary

4

judgment. Accordingly, Defendants' summary judgment as to the Title VII and § 1981 claims will be GRANTED.

D. **Louisiana State Law Claims**

1. *Contempt of Court*

Jurisdiction to punish a party for contempt for failing to obey a judgment is personal to the court which issued such judgment. We are without jurisdiction to find Defendants in contempt for alleged failure to comply with the consent judgment between Mrs. Sinclair and the School Board. This claim must, therefore, be DISMISSED for lack of federal jurisdiction.

2. *Intentional Infliction of Emotional Distress*

Mrs. Sinclair claims Defendants' actions in failing to provide her with required materials and assigning her to teach science constituted the tort of intentional infliction of emotional distress. In order to recover for this tort, a plaintiff must prove:

(1) that the conduct of the defendant was extreme and outrageous;

(2) that the emotional distress suffered by the plaintiff was severe; and

(3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct.

White v. Monsanto, 585 So.2d 1205, 1209 (La. 1991). Further, "the conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." Id.

5

We find Defendants' conduct in assigning Mrs. Sinclair to teach a subject in which she was certified and had taught in previous years does come close to rising to the level of conduct as required for recovery. Defendants' motion for summary judgment as to the intentional infliction of emotional distress claim will be GRANTED.

### 3. *Fraudulent Inducement*

Mrs. Sinclair alleges that the School Board deliberately and knowingly misrepresented their intention to reinstate her to her pre-sabbatical position. The claim made is one in the nature of fraud. Under Louisiana jurisprudence, "fraud does not vitiate consent when the party against whom the fraud was directed could have ascertained the truth without difficulty, inconvenience, or special skill." Shelton v. Standard/700 Associates, 798 So.2d 60, 64 (La. 2001). In their answers to Defendants' requests for admissions, Plaintiffs specifically admit:

> In August 2008, in agreeing to return Charlotte Sinclair to the position of business teacher/assistant computer technician at Oakdale High School, the School Board did not make any commitment as to the time period during which Mrs. Sinclair would remain in such position.

Accordingly, we find Defendants did not misrepresent their intentions concerning Mrs. Sinclair's post-sabbatical assignment, and Defendants' motion for summary judgment as to the fraudulent inducement claim will be GRANTED.

### 4. *Breach of Contract*

Plaintiffs claim Defendants breached their employment contract with Mrs. Sinclair by failing to reinstate her as a business teacher–a provision they assert was made "implicit" based on Mrs. Sinclair's position as a business teacher in previous

6

years. There is no written contract between Mrs. Sinclair and the School Board in the record. Mrs. Sinclair confirmed in her deposition and Plaintiffs admitted in the uncontested facts filed with this motion that a teacher with the School Board is not hired for a particular school nor to teach a particular subject. (Doc. 26-1, p. 26; Doc. 29-8). Rather, the teacher is hired to work for the school system. Therefore, based largely on these admissions, we find there was no breach of contract and Defendants' motion for summary judgment as to this claim will be GRANTED.

### 5. *Abuse of Right*

Plaintiffs allege Defendants are liable under the "abuse of right" doctrine because their predominant motive for reassigning her to teach science was to cause harm and/or there was no serious or legitimate motive for reassigning her to teach science. This jurisprudential doctrine could apply in the current situation only if one of the following conditions were met:

(1) if the predominant motive for it was to cause harm;

(2) if there was no serious or legitimate motive for refusing;

(3) if the exercise of the right to refuse is against moral rules, good faith, or elementary fairness.

Truschinger v. Pak, 513 So.2d 1151, 1154 (La. 1987). Plaintiffs admit in their statement of uncontested facts that there was a need to fill the science teacher position, and we find this constitutes a legitimate motive for reassigning Mrs. Sinclair to teach science. Further, the record is void of any facts suggesting Defendants' predominant motive for the reassignment was to cause harm to Mrs. Sinclair. Given the need for a certified science teacher at Oakdale High, Defendants' actions were not violative of "moral

7

rules, good faith, or elementary fairness." Id. Accordingly, Defendants' motion for summary judgment as to the abuse of right claim will be GRANTED.

E.  Husband's and Son's Loss of Consortium

Mr. Sinclair and the Sinclair's minor son, LPS, bring claims for lost love, affection and services as a result of Mrs. Sinclair's mental distress from Defendants' action of reassigning her to teach science. As Defendants point out and Plaintiff has failed to address, Mr. Sinclair revealed in his deposition that the only impact on him or his son has been their concern about Mrs. Sinclair's "attentiveness." (Doc. 29-6). Mr. Sinclair did state that Mrs. Sinclair's problems have affected their husband-wife relationship "emotionally and physically," but the evidence submitted on the motion does not identify any loss beyond these generalizations. Mrs. Sinclair stated in her deposition that she was unable to attend her son's sporting events, and her sex life with her husband "went down." (Doc. 29-1, pp. 10–12). However, such assertions are unsupported by any facts in the record. We find Defendants have shown the absence of a genuine dispute of material fact concerning the loss of consortium claims. Defendants' motion for summary judgment as to these claims will also be GRANTED.

F.  Claim under 42 U.S.C. § 1983 for Procedural Due Process Violation

In their opposition to the motion for summary judgment, Plaintiffs attempt to refine their claims. They assert that the "undisputed facts indicate that [Mrs. Sinclair's] procedural due process rights were violated by the defendants" and a remedy under § 1983 is appropriate. (Doc. 38). Under § 1983, a plaintiff

> may sue a local governing body, such as the school district, or the school board as policymaker for the district, for monetary, declaratory, or injunctive relief if the challenged action implements or executes a policy officially adopted by that body's officers.

Beattie v. Madison Co. Sch. Dist., 254 F.3d 595, 600, n.2 (5th Cir. 2001). The United States Supreme Court has determined that "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort," and the "municipality cannot be held liable on a respondeat superior theory." Monell v. Dep't of Soc. Servs. Of City of New York, 436 U.S. 658, 691 (1978). For Plaintiffs' § 1983 action to proceed, we must first ask whether there was a constitutional tort, i.e., did the School Board violate Mrs. Sinclair's procedural due process rights under the Fourteenth Amendment?

To begin, it is firmly established that the "requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth's Amendment's protection of liberty and property." Board of Regents of State Colleges v. Roth, 408 U.S. 564, 570 (1972). Plaintiffs here allege Mrs. Sinclair was deprived of her vested property interest in the form of her position as a business teacher at Oakdale High. In order to have a property interest in this position, Mrs. Sinclair must have "a legitimate claim of entitlement to it." Id. at 577. Under La. R.S. 17:1182, Mrs. Sinclair had a right to "be returned . . . to the same position at the same school" from which her sabbatical was taken.

However, the plain language of the statute does not indicate the duration in which she had to remain in that pre-sabbatical position. We note that Louisiana appellate courts are split on this issue, and we lack sufficient facts to determine which Circuit's analysis best comports with the situation at bar. See Taube v. St. Charles Parish Sch. Bd., 787 So.2d 377 (La. App. 5 Cir. 2011); Comeaux v. Iberia Parish

Sch. Bd., 597 So.2d 1263 (La. App. 3 Cir. 1992); Scott v. Dennis, 392 So.2d 169 (La. App. 4 Cir. 1980).

More specifically, we do not know the specific terms of Mrs. Sinclair's employment with the School Board nor do we know if Mrs. Sinclair was a tenured teacher. As mentioned above, we have no evidence of a written contract (although indications are that one exists). Nor do we have a detailed exposition of her full teaching history, i.e., the specific classes she taught. Such facts have played a role in federal decisions as well. See Wells v. Donland, 711 F.2d 670 (5th Cir. 1983). Because this threshold issue of the existence of a vested property interest is undeterminable on the facts as presented, we do not address the additional elements for Plaintiff's procedural due process and § 1983 claims.

Based on the genuine dispute of material facts regarding this issue, Defendants' motion for summary judgment as to Plaintiff's § 1983 and Fourteenth Amendment claim will be DENIED.

SIGNED on this 12th day of October, 2011 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE